## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____

| | | |
|---|---|---|
| **JOSEPHINE GUTIERREZ AND** | ) | **CASE NUMBER:** |
| **MARIA CHAVES,** | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | **COMPLAINT -** |
| | ) | **JURY TRIAL** |
| **DEBT MANAGEMENT, INC.** | ) | **DEMANDED** |
| **Defendant** | ) | |
| _____ | ) | |

### I.  INTRODUCTION

1.   This is a suit brought by two consumers who have been harassed and abused by Defendant collection agency.  This action is for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.*, and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq*. ("CUTPA").

### II.  PARTIES

2.   Plaintiffs Josephine Gutierrez and Maria Chaves are sisters and reside in Wethersfield, Connecticut.

3.   The Defendant, Debt Management, Inc. ("DMI"), is a Massachusetts corporation that uses instrumentalities of interstate commerce in a business the principal purpose of which is the collection of debts.  DMI also does business as Capital Recovery Systems.

### III.  JURISDICTION

4.   Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 15 U.S.C. § 1693m, 28 U.S.C. §§ 1331 and 1337, and Fed. R. Civ. P. 18(a).

5.   Venue in this Court is proper, as the Plaintiffs are residents of Connecticut and the actions that are the subject of this litigation was conducted within this State.

### IV.  FACTUAL ALLEGATIONS

6.   Paragraphs 1-5 are herein incorporated.

7.   In September, 2005, Ms. Chaves received a telephone message from DMI for Ms. Gutierrez that stated Ms. Gutierrez owed a credit card debt and that if Ms. Gutierrez did not pay, she would be taken to court.

8.   Ms. Gutierrez responded to the message and spoke to an individual at DMI who claimed to be an attorney.  This individual represented that if Ms. Gutierrez failed to pay the debt, she would be sued, and explained that this would likely involve additional fees that she would have to pay.

9.   Out of fear of being taken to court and paying additional fees, Ms. Gutierrez agreed to make payment in two installments, the first approximately $35 and the second $600 two weeks later.

10. DMI demanded payment via electronic transfer from a checking account but Ms. Gutierrez did not have a checking account at the time.  Ms. Gutierrez obtained permission from Ms. Chaves to allow DMI to take the first payment of $35 out of her account.  DMI did so on or about September 29, 2005.

11. DMI never spoke to or otherwise communicated with Ms. Chaves and Ms. Gutierrez insisted to DMI that it did not have permission to take any additional funds from Ms. Chaves' account.

12. After the first payment, Ms. Gutierrez kept in contact with DMI and informed it prior to the second scheduled payment that she still did not have a checking account and would not be able to make the second payment of $600.

13. Nevertheless, DMI withdrew $600 from Ms. Chaves' checking account on October 10, 2005 without her knowledge or consent.

14. That same day, Ms. Chaves made an electronic payment to her second mortgage company but the mortgage payment was rejected for lack of funds and Ms. Chaves was charged a bank overdraft fee of $28.

15. Ms. Gutierrez and Ms. Chaves (who are co-owners of their residence) subsequently had to struggle to find funds to replace the $600 DMI withdrew, which prevented them from making timely payment on their first mortgage.  They were then charged a late fee of $65 by their mortgage company, related directly to DMI's withdrawal of funds from Ms. Chaves' checking account.

16.  DMI eventually refunded Ms. Chaves the $600.

## V.  CLAIMS FOR RELIEF

**FIRST CAUSE OF ACTION- By Josephine Gutierrez**
**Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.***

17. Paragraphs 1-16 are herein incorporated.

18. DMI made false and misleading representations in an attempt to collect a debt.  Its actions include, but are not limited to, the following:

    a.   It made false representations that communications were from an attorney, when its representative identified himself as an attorney, in violation of 15 U.S.C. §1692e(3); and,

    b.   It threatened to take Ms. Gutierrez to court, which was a threat to take action it did not intend to take, in violation of 15 U.S.C. § 1692e(5).

19. DMI communicated information about the debt to third parties, including that Ms. Gutierrez owed a debt and would be sued if she did not pay, when it left a message including this information on Ms. Chaves' answering machine, in violation of 15 U.S.C. §1692c(b).

20. For DMI's violations of the Fair Debt Collection Practices Act as described above, Ms. Gutierrez is entitled to recover her actual damages, statutory damages of $1,000.00 and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

**SECOND CAUSE OF ACTION- By Maria Chaves**
**Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.***

21.  Paragraphs 1-16 are herein incorporated.

22. DMI engaged in unfair and unconscionable means to collect a debt when it withdrew $600 from Ms. Chaves's account without her knowledge or consent, in violation of 15 U.S.C. § 1692f.

23. For DMI's violations of the Fair Debt Collection Practices Act as described above, the Ms. Chaves is entitled to recover her actual damages, statutory damages of $1,000.00 and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k

**THIRD CAUSE OF ACTION- By Josephine Gutierrez**
**Violation of the Connecticut Unfair Trade Practices Act**
**Conn. Gen. Stat. § 42-110a *et seq.***

24. Paragraphs 1-16 are herein incorporated.

25. DMI's actions in withdrawing $600 from Ms. Chaves's checking account without her knowledge caused Ms. Gutierrez to sustain an ascertainable loss in that it caused her to be late with a mortgage payment, resulting in late payment fees to her and Ms. Chaves.

26. Further, DMI's threats to Ms. Gutierrez that she would be taken to court and would have to pay additional fees were unfair and unconscionable and were made purely to induce payment.  These threats did induce her to make payment on the debt, resulting in a loss of the amount paid.

27. DMI's acts as described above constitute unfair business practices in violation of CUTPA.

28. For DMI's violations of CUTPA, Ms. Gutierrez seeks her actual damages, punitive damages and attorney's fees and costs.

**FOURTH CAUSE OF ACTION- By Maria Chaves**
**Violation of the Connecticut Unfair Trade Practices Act**
**Conn. Gen. Stat. § 42-110a *et seq.***

29. Paragraphs 1-16 are herein incorporated.

30. DMI's actions in withdrawing $600 from Ms. Chaves's checking account without her knowledge caused her to sustain an ascertainable loss in that her mortgage payment was subsequently dishonored and another payment was made late, resulting in late payment fees to her and Ms. Gutierrez.  She also sustained a loss in that she was deprived of these funds for the approximately 10 days between the unauthorized withdrawal and the reimbursement.

31. DMI's acts as described above constitute unfair business practices in violation of CUTPA.

32. For DMI's violations of CUTPA, Ms. Chaves seeks her actual damages, punitive damages and attorney's fees and costs.

**FIFTH CAUSE OF ACTION- By Maria Chaves**
**Violations of The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.***

33. Paragraphs 1-16 are herein incorporated.

34. On or about September 29, 2005, DMI withdrew $35 from Ms. Chaves's checking account without obtaining written authorization or providing written notice of the withdrawal.

35. On or about October 5, 2005, DMI withdrew $600 from Ms. Chaves's checking account without obtaining written authorization or providing written notice of the withdrawal.

36. These withdrawals from Ms. Chaves's account constitute "unauthorized electronic fund transfers" as that term is defined by the EFTA, 15 U.S.C. § 1693a(11), as DMI had failed to obtain authorization from Ms. Chaves about the withdrawals.

37. For its violations of the EFTA, DMI is liable to Ms. Chaves in an amount not less than $100 but not more than $1,000, plus her actual damages, costs and attorney's fees pursuant to 15 U.S.C. § 1693m.


WHEREFORE, Plaintiff Gutierrez seeks the following: actual damages pursuant to 15 U.S.C. § 1692k; costs and attorney's fees pursuant to 15 U.S.C. § 1692k; actual damages, punitive damages and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g(d); and such other relief as this Court deems appropriate.

Plaintiff Chaves seeks the following:  actual damages pursuant to 15 U.S.C. § 1692k; costs and attorney's fees pursuant to 15 U.S.C. § 1692k; damages pursuant to 15 U.S.C. § 1693m, costs and attorney's fees pursuant to pursuant to 15 U.S.C. § 1693m; actual damages, punitive damages and attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g(d); and such other relief as this Court deems appropriate.

PLAINTIFFS, JOSEPHINE GUTIERREZ AND
MARIA CHAVES


By: _____
        Sarah Poriss, Fed. Bar. No. ct24372
        sporiss@consumerlawgroup.com
        Consumer Law Group, LLC
        35 Cold Spring Rd., Suite 512
        Rocky Hill, CT 06067
        Tel. (860) 571-0408
        Fax (860) 571-7457